UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM GRACE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-CV-8-RLW |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. The complaint filed in this action names four plaintiffs confined at Moberly Correctional Center: William Grace-Bey, Anthony Johnson, Marcus Stephens, and Marcus Smith.[1] Plaintiffs seek to bring this civil action *in forma pauperis*, without prepayment of filing fees, alleging civil rights violations under 42 U.S.C. § 1983 against sixteen defendants. The focus of the complaint seems to be an allegation of deliberate indifference to their health and safety in the inhumane conditions of confinement at Moberly, including black mold, asbestos, and pest infestation problems.

---

[1] Upon case opening, the Clerk of Court entered only William Grace-Bey as plaintiff because he is the only plaintiff that signed any of the documents submitted for filing. The complaint is not signed by any of the plaintiffs; however, the correspondence included with the complaint (ECF No. 1-9) and the motion to proceed in forma pauperis (ECF No. 3) were both signed by plaintiff Grace-Bey. Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed ... by the party personally if the party is unrepresented." Unsigned papers must be struck by the Court "unless the omission is promptly corrected after being called to the ... party's attention." *Id.*

The Court notes that the caption on the first page of the complaint also names Jarrod Boehm as a plaintiff. However, he is not listed in the "Parties to this Action: Plaintiffs" section of the complaint, nor is he listed in the caption on attached supplements, exhibits, or on the motions to proceed in forma pauperis or for appointment of counsel. ECF Nos. 1, 1-1, 1-10, 3, 5. In addition, the allegations of the complaint do not appear to mention him. Therefore, the Court interprets this case as being filed on behalf of four plaintiffs only.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[2] *See, e.g., Georgeoff v. Barnes*, No. 2:09-CV-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). As a result, the Court will strike three of the plaintiffs from this case and order the Clerk to open new cases for them.

There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, No. 08-6010 (RBK), 2009 WL 427396, at *2 (D.N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

---

[2] Federal Rule of Civil Procedure 20(a)(1) allows permissive joinder of plaintiffs in one action if: "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."

2

*Id.* (quoting *Swenson v. MacDonald*, No. CV 05-93-GF-CSO, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** plaintiffs Anthony Johnson, Marcus Stephens, and Marcus Smith from this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to open three new cases, one for each plaintiff Anthony Johnson, Marcus Stephens, and Marcus Smith utilizing the complaint [ECF No. 1] in the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in the new actions.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2019.