UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| MARCUS STEPHENS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19-CV-11 SNLJ |
|  | ) |  |
| ANNE PRECYTHE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's *pro se* complaint. For the reasons explained below, the Court will direct plaintiff to file an amended complaint, and to either pay the $400 filing fee or file a motion for leave to proceed *in forma pauperis*.

### Background

On February 4, 2019, four inmates at the Moberly Correctional Center ("MCC"), including plaintiff Marcus Stephens, filed a lawsuit in this Court pursuant to 42 U.S.C. § 1983 against sixteen defendants. Because the Court does not allow multiple prisoners to join together and proceed *in forma pauperis* in a single lawsuit, the Court severed the defendants, and opened new cases for each one using the complaint filed in the originating action. The complaint now before the Court alleges a multitude of unrelated claims, including a denial of adequate medical care, inhumane conditions of confinement, lack of adequate legal resources, and an unlawful prison policy.

### Discussion

This action is subject to dismissal for several reasons. First, the complaint does not explain how any of the defendants violated plaintiff's civil rights. Instead, it alleges violations of

the civil rights of a group of inmates as a whole, and also of one William Grace-Bey, a plaintiff from the originating action. Plaintiff lacks standing to bring claims alleging mistreatment of other inmates. Instead, plaintiff must allege a personal loss. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney, and therefore may not represent others in federal court. *See. See Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986). Additionally, the complaint advances multiple unrelated claims against a total of sixteen defendants. This is an impermissible pleading practice." Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. Unrelated claims against different defendants belong in different suits, partly to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

The complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment of a pleading shall be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

The complaint is also unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed *in forma pauperis*.

The Court will give plaintiff the opportunity to file an amended complaint to set forth his own claims for relief. In addition, plaintiff must either pay the $400 filing fee, or file a motion for leave to proceed *in forma pauperis* that is accompanied by a certified copy of his institution account statement for the six-month period immediately preceding the filing of the complaint.

Plaintiff is warned that the filing of an amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must follow Rules 8 and 10 of the Federal Rules of Civil Procedure, which are explained above.

In the "Caption" section of the amended complaint, plaintiff must write the first and last name, to the extent he knows it, of each defendant he wishes to sue. When identifying the defendants, plaintiff should indicate whether he intends to sue each one in his or her individual capacity, official capacity, or both.[1]

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth specific factual allegations about what that defendant did, as well as the constitutional right or rights that defendant violated. As noted above, if plaintiff names more than one defendant, he may only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim for relief. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the motion to proceed *in forma pauperis* form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order. Plaintiff must sign the amended complaint in accordance with Rule 11.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed *in forma pauperis* within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice, and will strike the unsigned complaint.

Dated this 14th day of February, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE